|   |   |   |
|---|---|---|
|   |   | FILED IN THE<br>U.S. DISTRICT COURT<br>EASTERN DISTRICT OF WASHINGTON<br><br>Jul 05, 2019<br><br>SEAN F. McAVOY, CLERK |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NADIA A.T.,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No. 4:18-CV-05138-JTR<br><br>ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney Chad L. Hatfield represents Nadia A.T. (Plaintiff); Special Assistant United States Attorney Justin Lane Martin represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 3. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on January 9, 2015, alleging disability since June 26, 2014, due to mental health disorders. Tr.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . . - 1

67. The applications were denied initially and upon reconsideration. Tr. 81-84, 90-95. Administrative Law Judge (ALJ) Stewart Stallings held a hearing on June 1, 2017, Tr. 29-65, and issued an unfavorable decision on August 7, 2017, Tr. 15-24. Plaintiff requested review of the decision from the Appeals Council on October 5, 2017. Tr. 166-68. The Appeals Council denied Plaintiff's request for review on June 21, 2018. Tr. 1-5. The ALJ's August 2017 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on August 22, 2018. ECF No. 1, 5.

## STATEMENT OF FACTS

Plaintiff was born in 1979, and was 35 years old as of the filing of her application. Tr. 23. Plaintiff was born and raised in Iraq and earned a college degree in education in her home country. Tr. 58. She has no work experience. Tr. 198.

In 2014 Plaintiff and her husband, along with their two children, moved to the United States. Tr. 177-79, 302. Plaintiff began seeking treatment for her mental health conditions, reporting depression and PTSD symptoms related to growing up and living in a war-torn country, including traumatic memories of her brother being kidnapped and murdered by ISIS, and ongoing worry about her family members still living in Iraq. Plaintiff also reported trauma from having given birth to a still-born child. Tr. 45, 302, 370.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.

*Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs which exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the

national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On August 7, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 9, 2015, the date the claim was filed. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: major depressive disorder and posttraumatic stress disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 17-19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform medium exertional work, and had the following non-exertional limitations:

> she can perform simple routine and repetitive tasks that can accommodate language limitations (no English) could perform with instructions that can be demonstrated in a low stress environment (defined as not requiring the worker to cope with work related circumstances that could be dangerous to the worker and others such as any kind of security or working with dangerous weapons), and work where concentration is not critical (defined as careful or exact evaluation or judgment) and only brief superficial interaction with the public.

Tr. 19.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 23.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing work that existed in significant numbers

in the national economy, including the jobs of housekeeping cleaner, agricultural produce sorter, and kitchen helper. Tr. 23-24.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from January 9, 2015, the application date, through the date of the ALJ's decision, August 7, 2017. Tr. 24.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly evaluating the medical opinion evidence; (2) improperly rejecting Plaintiff's subjective complaints; and (3) conducting an improper step-five analysis.

## DISCUSSION

**1.    Medical opinion evidence**

Plaintiff argues the ALJ erred by failing to properly consider the medical opinion evidence of record. ECF No. 13 at 10-17. Plaintiff specifically asserts the ALJ erred in rejecting the opinions from consultative examiner Greg Sawyer, MD, PhD, and treating counselor Sarah Gillard, CDP, MS. *Id.*

**A. Dr. Sawyer**

In a disability proceeding, the courts distinguish among the opinions of three types of acceptable medical sources:  treating physicians, physicians who examine but do not treat the claimant, and those who neither examine nor treat the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). A treating physician's opinion generally carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a nonexamining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester*, 81 F.3d at 830.

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion by citing "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-31. The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Plaintiff underwent a consultative psychiatric evaluation with Dr. Greg Sawyer on March 10, 2015. Tr. 301-07. Dr. Sawyer diagnosed Plaintiff with major depressive disorder, finding she was relatively impaired at the time, partly due to not taking any medications because she was pregnant. Tr. 306. He opined she would have difficulty with a number of areas of functioning, including managing funds, performing detailed and complex tasks, accepting instructions from supervisors, understanding, carrying out, and remembering complex and one or two-step instructions, maintaining effective social interactions in the workplace, performing activities on a consistent basis, maintaining regular attendance, completing a normal workweek, and dealing with usual workplace stressors. Tr. 306-07. Dr. Sawyer stated that he thought Plaintiff would not have difficulty with performing simple and repetitive tasks and sustaining concentration and persistence at a reasonable pace. *Id.*

The ALJ gave this opinion little weight, finding it to not comport with the evaluation report, which indicated only passive cooperation and found Plaintiff to have average intelligence and a college degree. Tr. 22. The ALJ also found Dr. Sawyer's opinion to appear to only be temporary, given his notation that Plaintiff's

impairment was partly due to her lack of current medication, and his prediction that she would benefit from treatment following the conclusion of her pregnancy. Tr. 22-23.

Plaintiff challenges the ALJ's reasons as unsupported by the record and insufficiently explained by the ALJ. ECF No. 13 at 11-15. Defendant argues the ALJ appropriately identified exam findings that were inconsistent with the severe limits assessed and that the ALJ reasonably infered that the assessment was temporary and limited to the term of Plaintiff's pregnancy. ECF No. 14 at 5-8.

The Court finds the ALJ's reasons are not specific and legitimate. While an ALJ may consider consistency with the records in assessing the weight due to an opinion, *Valentine v. Commm'r Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009), substantial evidence does not support the ALJ's conclusion. The ALJ failed to explain how Plaintiff's average intelligence and education history undermined Dr. Sawyer's conclusions. Dr. Sawyer noted Plaintiff demonstrated deficiencies in a number of areas, including recall and retention, fund of knowledge, calculations, judgment, and insight. Tr. 305-06. He observed her to have a blunted affect, consistent with her reports of depression and sadness, and noted she cried frequently during the evaluation. Tr. 304. Dr. Sawyer based his conclusions on Plaintiff's psychiatric history and his observations of her during the exam. Tr. 306. Though Dr. Sawyer found Plaintiff to be cooperative, have good attention and concentration, and to be of average intelligence and possess a college degree, Tr. 304-06, the ALJ failed to explain why those findings negated the other abnormal findings. The ALJ did not explain why his interpretation of Dr. Sawyer's exam was more accurate than that of Dr. Sawyer.

The ALJ also found Dr. Sawyer's opinion appeared to be temporary. Tr. 23. The Court finds this is not a specific and legitimate basis to disregard the opinion. Dr. Sawyer did not state that the only reason Plaintiff was impaired was a lack of treatment, but rather that it was part of the consideration. Tr. 306. He noted that

she would likely benefit from seeking treatment and medication, but did not indicate to what degree he expected her to improve, or how long he anticipated treatment would take. *Id.* Dr. Sawyer did not state the functional limitations would only last the duration of Plaintiff's pregnancy, as argued by Defendant. ECF No. 14 at 7.

Therefore, the ALJ erred in rejecting Dr. Sawyer's opinion. On remand, the ALJ will reconsider this evidence in conjunction with the entire medical record.

**B. Sarah Gillard, MS**

Plaintiff argues the ALJ erred in rejecting the opinion from Plaintiff's treating counselor, Sarah Gillard. ECF No. 13 at 15-17.

An ALJ may discount the opinion of an "other source," such as a nurse practitioner, if he provides "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Plaintiff's treating counselor, Sarah Gillard, completed a mental residual functional capacity form on April 20, 2015. Tr. 314-17. She opined Plaintiff would have numerous marked limitations in areas of sustained concentration and persistence, and would be off-task over 30% of the time and miss at least four days of work per month. *Id.*

The ALJ gave this opinion little weight, finding it contrary to Plaintiff's own testimony that she was able to shop alone, and finding the opinion inconsistent with an evaluation performed the month prior, which found no attention and concentration difficulties. Tr. 23.

The consistency of a medical opinion with the record as a whole is a germane factor for an ALJ to consider in evaluating the weight due to an "other source." 20 C.F.R. §§ 416.927(c)(2)(4), 416.927(f). Dr. Sawyer's exam, performed the month prior to Ms. Gillard offering her opinion, found Plaintiff was able to concentrate on the exam and had a good attention span, and concluded she would not have difficulty in sustaining concentration and persistence. Tr. 304,

307. This therefore appears to be the exam to which the ALJ was referring. However, given the above finding that the ALJ improperly rejected Dr. Sawyer's opinion, reconsideration of Ms. Gillard's opinion is also warranted. The Court notes that, despite their differing opinions regarding concentration and persistence, Dr. Sawyer and Ms. Gillard's opinions contain numerous similar findings regarding Plaintiff's impairment in sustaining fulltime work and performing work-related activities. Tr. 306-07, 314-17. On remand, the ALJ will reconsider all evidence in reassessing the RFC.

**2. Plaintiff's subjective complaints**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 13 at 17-20.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to produce her alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of

record. Tr. 20. The ALJ noted the following reasons for finding Plaintiff's subjective complaints not persuasive in this case: (1) the record showed she improved with medication, contrary to her reports; (2) she testified she was able to shop alone; (3) at times her only complaints to providers were sleep disturbance and fatigue (in the wake of having a newborn); (4) her activities indicated greater functional abilities than alleged. Tr. 20-22.

This matter is being remanded for additional proceedings to remedy errors in the ALJ's evaluation of the medical opinion evidence of record. The ALJ shall also evaluate Plaintiff's statements and testimony with the benefit of the reconsidered medical evidence. The ALJ shall reassess what statements, if any, are not consistent with the medical evidence and other evidence in the record, and what specific evidence undermines those statements.

**3. Step five findings**

Plaintiff asserts that the ALJ erred in the step five determination because the testimony of the vocational expert was premised on an incomplete hypothetical stemming from an inaccurate residual functional capacity determination. ECF No. 13 at 20-21.

Considering the case is being remanded for the ALJ to properly address the medical opinion evidence, the ALJ will be required to make a new step five determination.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand a case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id.* Remand is appropriate when additional administrative proceedings could remedy defects.

*Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's RFC determination is not supported by substantial evidence and must be reevaluated. On remand, the ALJ shall reassess the medical evidence, specifically the opinions of Dr. Sawyer and Ms. Gillard. The ALJ shall reevaluate Plaintiff's subjective complaints, formulate a new RFC, obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED, IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED July 5, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE